UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAMAR EUGENE CLARK,

                    Petitioner,              Case No. 1:15-cv-1324

v.                                          Honorable Janet T. Neff

CARMEN PALMER,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Lamar Eugene Clark presently is incarcerated at the Michigan Reformatory.  Following a jury trial in the Wayne County Circuit Court, Plaintiff was convicted of one count of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), two counts of second-degree murder, MICH. COMP. LAWS § 750.317, one count of armed robbery, MICH. COMP. LAWS § 750.529, one count of being a felon in possession of a felony, MICH. COMP. LAWS § 750.224f, and one count of second-offense possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  On February 8, 2010, he was sentenced as a second-offense felony offender, MICH. COMP. LAWS § 769.10, to life imprisonment on the felony-murder conviction, three prison terms of 31 to 50 years on the second-degree murder and armed-robbery convictions, a term of 4 to 7 years on the felon-in-possession conviction, and 5 years of the second-offense felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising three issues:

I.      DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO INVESTIGATE, NOTICE AND PRESENT APPELLANT'S ALIBI WITNESS AT TRIAL[.]

II.     APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO PROPERLY LAY A FOUNDATION FOR IMPEACHMENT TESTIMONY BY DEFENSE WITNESS RONALD GRAHAM THAT PROSECUTION WITNESS ARNOLD JOHNSON HAD STATED THAT APPELLANT HAD NOTHING TO DO WITH THE CRIME[.]

III.    APPELLANT'S THREE CONVICTIONS AND SENTENCES FOR MURDER ARISING FROM A SINGLE DEATH VIOLATE THE FEDERAL AND STATE PROTECTIONS AGAINST DOUBLE JEOPARDY[.]

(*Clark v. McKee*, No. 1:13-cv-306 (W.D. Mich.), Ex. N to Pet., ECF No. 3-2, PageID.97.)  In an unpublished decision issued August 18, 2011, the court of appeals rejected Petitioner's first two claims on appeal, but found merit in the third claim.  The court therefore vacated the two convictions for second-degree murder.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the first two grounds presented in his appeal to the court of appeals.  Petitioner also argued two new issues:

> III.   LEAVE TO APPEAL SHOULD BE GRANTED TO DETERMINE WHETHER IT IS RECKLESS AND WANTON OR EVEN CRIMINAL MISCONDUCT FOR THE STATE TO GRANT A PLEA DEAL TO AN ADMITTED FIRST-DEGREE MURDERER IN EXCHANGE FOR TESTIMONY IMPLICATING AN ALLEGED ACCOMPLICE WHERE ABSOLUTELY NO PHYSICAL EVIDENCE CORROBORATES THE ALLEGED ACCOMPLICE'S PRESENCE OR PARTICIPATION, AND WHERE THE ENTIRE CASE RESTS ON THE TESTIMONY OF THE MURDERER, THE MURDERER'S GIRLFRIEND, AND THE MURDERER'S CO-DEFENDANT IN A SEP[A]RATE CASE, WHO WERE PAID WITH A SENTENCE OF 3-10 YEARS IN THE SEP[A]RATE CASE, AND PAID WITH IMMUNITY FROM PROSECUTION AFTER ADMITTEDLY LURING [THE] MURDER VICTIM TO HIS DEATH. UNDER CIRCUMSTANCES WHERE THE ALLEGED ACCOMPLICE WHO DID NOT KILL IS SENT[EN]CED TO LIFE IN PRISON WITH NO PAROLE BASED ON PROVABLE PERJURED TESTIMONY.

> IV.   LEAVE TO APPEAL SHOULD BE GRANTED TO DETERMINE WHETHER APPELLATE COUNSEL WHO WAS THE BENEFICIARY OF TRIAL COUNSEL'S REFERRAL RETAINER LABORED UNDER A CONFLICT OF INTEREST WHERE APPELLATE COUNSEL WAS REQUIRED TO CRITIQUE TRIAL COUNSEL'S PERFORMANCE, AND TO DETERMINE TO WHAT DEGREE APPELLATE COUNSEL DEPRIVED MR. CLARK EFFECTIVE COUNSEL.

(*Id.*, Supp. to Pet., ECF No. 2, PageID.19.)  The Michigan Supreme Court denied leave to appeal on April 23, 2012.

Petitioner filed a habeas petition in this Court on March 8, 2013,[1] in which he raised the first two grounds presented on direct review to the Michigan Court of Appeals and the Michigan Supreme Court, together with the first of the new grounds presented for the first time to the Michigan Supreme Court. *Id.* In an opinion and judgment issued on April 19, 2013, the Court dismissed the action for lack of exhaustion. *See id.* (Op. & J. Apr.19, 2013). In the opinion, the Court analyzed Petitioner's statute of limitations and determined that the statute had begun to run on July 23, 2012. The Court held that, because Petitioner had more than 60 days remaining within his limitations period and that, with the benefit of tolling during the pendency of his state-court proceedings, a stay was not required under existing circuit precedent. *Id.* (citing *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)).

Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court on July 17, 2013, raising eight additional claims: (1) ineffective assistance of trial counsel; (2) denial of the right to confrontation; (3) unreasonable application of federal law; (4) the prosecutor introduced perjured testimony; (5) denial of Sixth and Fourteenth Amendment rights; (6) ineffective assistance of appellate counsel; and (7) the use of a perjurious arrest warrant. The trial court denied the motion on March 28, 2014. Petitioner raised the same claims in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on July 28, 2014 and September 29, 2015.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on March 8, 2013, and it was received by the Court on March 21, 2013. Thus, it must have been handed to prison officials for mailing at some time between March 8 and March 21, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner filed a motion to reopen his prior habeas proceeding on December 1, 2015. The Court denied the motion on December 18, 2015, as no basis existed for granting relief from a judgment that had been entered two-and-one-half years earlier. *See Clark v. McKee*, No. 1:13-cv-306 (ECF No. 16). The Court, however, directed that the motion be docketed as a new habeas petition as of the date the motion was filed in this Court. *Id.* This action is that new habeas proceeding. The court subsequently ordered Petitioner to file an amended petition on the form, which is now before the Court on review.[2] The original petition is deemed filed on the date it was signed, December 1, 2015, and it raises eight grounds for habeas relief.

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Also pending is Petitioner's motion to dismiss the petition for refiling after he has obtained an attorney (ECF No. 5). In its second order directing the filing of an amended petition (ECF No. 7), the undersigned noted that voluntary dismissal of the action could endanger the timeliness of Petitioner's application for habeas relief. Having explained the consequences of a dismissal, the Court reserved its decision on the motion to dismiss, allowing Petitioner to either file an amended petition or renew his motion to dismiss. Petitioner elected to file an amended petition. I therefore recommend that the motion to dismiss be denied.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 23, 2012.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 23, 2012.

- 6 -

Petitioner had one year from July 23, 2012, or until July 23, 2013, in which to file his habeas application. Petitioner filed on December 1, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his motion for relief from judgment on July 17, 2013, six days before the expiration of his period of limitations. His statute of limitations remained tolled until September 29, 2015, the date the Michigan Supreme Court denied his application for leave to appeal. It began to run again and expired six days later, on Monday, October 5, 2015. Petitioner, however, did not file his petition until December 1, 2015.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable

tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

- 8 -

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted) "The Schlup standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

In the instant case, Plaintiff's proof of his actual innocence is limited to a newly executed affidavit from Mr. Deray Smith, reporting that Arnold Johnson had told Smith that Johnson committed the murder for which Petitioner was convicted. As the trial court noted in denying the motion for relief from judgment, the evidence amounts to additional impeachment evidence against Petitioner's accomplice. (*See* 3/28/14 Cir. Ct. Ord., ECF No. 2-1, PageID.70-71.) As courts routinely have observed, "[r]ecantation testimony is properly viewed with great suspicion." *Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of *certiorari*); *see also Turner v. Romanowski*, 409 F. App'x 922, 929-30 (6th Cir. 2011) rejecting new witness affidavits as sufficient to demonstrate actual innocence for purposes of *Souter*); *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007) (recognizing that even sworn affidavits recanting trial

testimony are viewed with "extreme suspicion"); *Matthews v. Ishee*, 486 F.3d 883, 895-96 (6th Cir. 2007) (same).  Recantation "upsets society's interest in finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." *Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006) (citing *Dobbert*, 468 U.S. at 1233–34).

Here, the affidavit is not even a sworn recantation made by a trial witness.  It is a third-party affidavit relating the hearsay statement of an accomplice purportedly made sometime after trial.  At best, the evidence is supplemental impeachment evidence for a witness previously subjected to cross-examination.  Such evidence lacks sufficient trustworthiness to support a valid claim of actual innocence.  *See Sawyer v. Whitley*, 506 U.S. 333, 334-35 (1992) ("Latter-day impeachment evidence seldom, if ever, makes a clear and convincing showing that no reasonable juror would have believed the hear of the witness' account."); *Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Jordan v. Rapelje*, No. 11-14358, 2013 WL 766190, at *10 (E.D. Mich. Feb.  28, 2013) (citing *Sawyer*, 505 U.S. at 349); *Glover v. Morgan*, No. 1:12-cv-267, 2013 WL 821462, at *15 (E.D. Mich. Jan. 25, 2013) (citing *Plaza v. Hudson*, No. 1:07-cv-674, 2008 WL 5273899, at *10 (N.D. Ohio Dec. 17, 2008)); *Nixon v. McQuiggin*, No. 2:10-cv-14652, 2012 WL 5471146, at *9 (E.D. Mich. Sept. 28, 2012) (citing *Sawyer*, 505 U.S. at 349, and *Calderon*, 523 U.S. at 563).

Because Petitioner has failed to provide reliable and significant evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that Petitioner's motion to voluntarily dismiss the petition (ECF No. 5) be denied. I further recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. In addition, I recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: February 16, 2016         /s/ Ellen S. Carmody
                                             Ellen S. Carmody
                                             U.S. Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

- 11 -