UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR EUGENE CLARK,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.
_____/

Case No. 1:15-cv-1324

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 9) recommending that this Court deny the petition as time-barred under the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation and on Petitioner's motion to amend his objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court has also considered Petitioner's motion to amend his objections. The Court grants Petitioner's motion to amend, denies the objections, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**I. Petitioner's Motion to Amend his Objections to the Report and Recommendation**

Petitioner states that his initial Objection (Dkt 10), prepared by a jail house lawyer who was

simultaneously working on another prisoner's habeas pleadings, contains incorrect factual assertions unrelated to Petitioner's case (Dkt 11 at PageID.138). He moves to amend his initial factual assertions to provide evidence supporting his objections to the Report and Recommendation, and his argument for equitable tolling (*id.* at PageID.139). Respondent has not filed a response opposing Petitioner's motion. There appears to be no undue prejudice to Respondent, and it is necessary to have the correct facts presented in Petitioner's objections to assure a proper ruling in this habeas case. Petitioner's Motion to Amend his Objections is therefore granted. The Court recognizes Petitioner's amended objections (Objs., Dkt 12-1) as the only objections to the Magistrate Judge's Report and Recommendation.

**II. Petitioner's Objections to the Magistrate Judge's Report and Recommendations**

Petitioner first objects that the Magistrate Judge failed to provide him fair notice that his habeas petition may be dismissed as time-barred by the statute of limitations (Dkt 12-1 at PageID.147). Petitioner is incorrect.

The Report and Recommendation expressly states:

> The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day* [*v. McDonough*, 547 U.S. 198, 210 (2006)]. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

(R&R, Dkt 9 at PageID.126). Petitioner's objections to the Report and Recommendation provide an opportunity to be heard by the Court regarding the time-bar issues, and he presents arguments opposing dismissal on this ground (Objs., Dkt 12-1). This objection is without merit.

**A. Equitable Tolling**

Petitioner asserts that he was "totally unaware that there was an issue regarding his Petition being dismissed because of it being untimely," in effect arguing that his late filing resulted from action by the Court because an order dated December 18, 2015, entered in his previous habeas case before the Honorable Gordon J. Quist, stated that his petition was "in danger of expiring" (*id.* at PageID.150-151). Petitioner states that this led him to believe his petition was timely filed.

Petitioner cites *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011), and *Akrawi v. Booker*, 572 F.3d 252 (6th Cir. 2009), as supporting that his petition should be deemed timely filed and considered on the merits based on a miscalculation or oversight committed by the Court (Objs., Dkt 12-1 at PageID.151). But these cases are inapposite. In *Hall*, 662 F.3d at 752, the court found this argument waived and did not rule on it, and in *Akrawi*, 572 F.3d at 260-61, the Sixth Circuit determined that the petition should have been dismissed as untimely. Regardless, no miscalculation or oversight by the Court occurred here.

Petitioner filed a motion to reopen his previous habeas case and in denying the motion, Judge Quist merely gave Petitioner the benefit of the earliest filing date for this new case, i.e., the date of his motion, recognizing there may be a statute of limitations issue (Dkt 16, *Clark v. McKee*, No. 1:13-cv-306 (W.D. Mich. 2015)). No action on the part of the court delayed Petitioner's actual filing of his motion or petition. The issue of timeliness was subsequently properly considered as a matter of screening in this case (*see* R&R at PageID.116).

Petitioner nonetheless argues that equitable tolling should apply in this case because he diligently pursued his rights to timely file his petition, but because of circumstances totally out of his control he was unable to do so (Objs., Dkt 12-1 at PageID.151-153). A petitioner seeking

equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner has not shown that he diligently pursued his rights. Petitioner had ample time to file a timely petition. He had 60 days in which to re-file after his petition was first dismissed for failing to exhaust his state remedies (R&R, Dkt 9 at PageID.119). He also had ample time *to prepare* to file the petition while his state proceedings were pending (over two years). Yet, Petitioner did not file his petition until after the limitations period expired. His argument is without merit.

Nor has Petitioner shown "extraordinary" circumstances. Petitioner claims the circumstances leading to his late filing were "out of his control" because he was transferred to another correctional facility while his legal materials remained behind (Objs., Dkt 12-1 at PageID.152). However, it appears Petitioner was transferred during May 2014, the time in which the statute of limitations was tolled due to his pending state claims (*id.*). Petitioner has not shown that his transfer had any effect on his ability to file a habeas petition during any relevant time period; it occurred while his state proceedings were still pending and while the habeas petition was tolled.

Petitioner otherwise asserts that he suffers from a mental condition; he did not understand the Court's opinion and orders; and he entrusted his case to a legal writer. Petitioner has presented no evidence from the relevant time period to show that his mental condition had a material effect on his failure to file a timely habeas petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Further, Petitioner's lack of awareness of the statute of limitations does not warrant equitable tolling. As the Magistrate Judge observed, "[t]he fact that Petitioner is untrained in the law, was proceeding

without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling" (R&R, Dkt 9 at PageID.123, citing, e.g., *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

**B. Actual Innocence**

Petitioner asserts that the Magistrate Judge erred by "ignoring the testimony from Mr. Clark's alibi witness and the fact the juror [sic] never heard from the alibi witness because Mr. Clark's defense attorney failed to perfect the alibi defense" (Objs., Dkt 12-1 at PageID.149). Petitioner argues that the testimony of his alibi witness, former girlfriend Brandee Patterson, meets the standard for a showing of "actual innocence" (*id.* at PageID.149-150). This argument is without merit.

A habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner presents no new reliable evidence to the Court demonstrating that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (quoting *Schlup*, 513 U.S. at 327) (internal

5

quotation marks omitted); *see also Reeves v. Fortner*, 490 F. App'x 766, 769 (6th Cir. 2012). Petitioner does not present evidence of Patterson's testimony, but as he notes, her testimony was presented at a *Ginther*[1] hearing in state court (Dkt 12-1 at PageID.150). The state trial court and the Michigan Court of Appeals fully considered this evidence, and rejected any claim that counsel was ineffective for failing to pursue or present evidence of an alibi. *People v. Clark*, No. 296779, 2011 WL 3628860, at *1-3 (Mich. Ct. App. Aug. 18, 2011). The court of appeals noted that the trial court assessed Patterson's testimony and concluded that she was not a credible alibi witness, and determined that the trial court did not err when it denied defendant's motion for a new trial on this ground. *Id.* at *3. Patterson's testimony adds no support to Petitioner's claim of actual innocence and certainly does not meet the high hurdle for invoking the actual innocence exception under *Schlup*. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327) (quotations omitted).

The Magistrate Judge properly denied Petitioner's habeas petition as time-barred.

Having determined Petitioner's objections lack merit, the Court must determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[1]*People v. Ginther*, 212 N.W.2d 922 (Mich. 1973).

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable as to each issue asserted.  A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that Petitioner's motion to amend his objections (Dkt 11) is GRANTED, and the Clerk is directed to accept the amended Objection (Dkt 12-1) for filing.

**IT IS FURTHER ORDERED** that the Objections (Dkt 10, Dkt 12-1) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion to voluntarily dismiss the petition (Dkt 5) is DENIED.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 15, 2016         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge